UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CRAIG CUNNIGHAM** on behalf of himself and all others similarly situated,

                    Plaintiff,

     -vs.-

**SHORE FUNDING SOLUTIONS INC.,**

                    Defendant.

**COMPLAINT**

**17 CV _____**

**Class Action**

**Jury Demanded**

Comes now Craig Cunningham ("Mr. Cunningham" or "Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

1.  Plaintiff is bringing this class action against Shore Funding Solutions Inc. ("Shore Funding" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder (the "TCPA").

2.  Defendant, using an automatic telephone dialing system, caused to be made at least four calls to Plaintiff that delivered text messages to Plaintiff's cell phone without Plaintiff's prior express consent. These calls violated the TCPA, which prohibits the making of any calls to a cellular telephone using an automatic telephone dialing system without the prior express consent of the person to whom the call is made. For the past four years, Defendant has made thousands of identical or substantially similar calls using an automatic telephone dialing system to cellular telephones of thousands of persons throughout the United States without obtaining the prior express consent of the persons being called. Accordingly, Plaintiff is bringing this class action.

## PARTIES

3. Mr. Cunningham is a citizen and resident of Nashville, Tennessee.

4. Upon information and belief, Shore Funding is a New York corporation with its principal place of business in Melville, New York.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which Shore Funding resides.

6. Venue is this judicial district is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## STATUTORY BACKGROUND

### The TCPA

7. The TCPA generally prohibits a person from making any telephone call using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §§ 64.1200(a)(1)(iii).

8. The TCPA defines the term "automatic telephone dialing system" as "equipment which has the capacity-- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). *Accord* 47 C.F.R. § 64.1200(f)(2).

9. Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

    A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## Shore Funding's Illegal Conduct

10. Upon information and belief, on February 1, 2016, March 29, 2016 and April 5, 2016, Defendant, without Plaintiff's prior express consent, used an automatic telephone dialing system, within the meaning of the TCPA, to make, initiate and/or caused to be initiated a telephone call to Plaintiff's cellular telephone number, which was and remains 615-348-1977, to deliver text messages, copies of which are attached hereto as Exhibit A.  Plaintiff had no previous contact or dealings whatsoever with Defendant before receiving the text messages described above.

11. Upon information and belief, an automatic telephone dialing system within the meaning of the TCPA was used to make the above-described calls to Plaintiff's cell phone because the text messages were generic, impersonal and aimed at a mass audience.  Specifically, Plaintiff received a text message on February 1, 2016 which reads as follows: "Whether **SHORE FUNDING** has funded you recently or in the past, you're always eligible. Rates are at an all time low! Text back for info. Funds by weekend!" *See* Exhibit A.  The text message received by Plaintiff on March 29, 2016, reads as follows: "Need more capital? Whether **SHORE FUNDING** has funded you recently or in the past, you're eligible. Rates are all time low! Funds

in your account by weekend." *Id.* The text message received by Plaintiff on April 5, 2016, reads as follows: "(TAX TIME!) Craig Cunn Get the money you need to pay your 2015 tax bill! Don't let those big payments to the IRS set you back. **Shore** Funding can help. Call us!" *Id.* Upon information and belief, Defendant, using an automatic telephone dialing system sent these text messages to thousands of persons at the same time.

12. Plaintiff suffered concrete harm as a result of the above telephone calls and resulting text messages in that the telephone calls tied up Plaintiff's telephone line, invaded Plaintiff's privacy, disturbed Plaintiff's solitude and wasted Plaintiff's time.

13. Upon information and belief, over the last four years, Defendant, using an automatic telephone dialing system within the meaning of the TCPA, made thousands of telephone calls to the cellular telephones of thousands of persons throughout the United States, without having received prior express consent from the called parties, to deliver text messages identical or substantially similar to the text messages described above that Defendant left for Plaintiff.

## CLASS ALLEGATIONS

14. Plaintiff brings this class action on behalf of himself and all others similarly situated, under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure, for Defendant's violations of the TCPA.

15. Plaintiff seek to represent a class of individuals ("the Class") defined as follows:

All persons in the United States, from four years prior to the filing of the instant Complaint through the date of the filing of the instant Complaint, to whom, without obtaining the persons' prior express consent, Defendant, using an automatic telephone dialing system as defined in the TCPA, made, initiated and/or caused to be initiated any calls to the persons'

cellular telephones, that delivered a text message identical or substantially similar to the messages described above that Defendant left for Plaintiff.

16. <u>Numerosity</u>: The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the Class members through this the class action will benefit both the parties and this Court.

17. Upon information and belief the Class contains at a minimum thousands of members.

18. Upon information and belief, the Class' size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call records.

19. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in the class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

20. <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of the Class.  The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

21. Defendant, using an automatic telephone dialing system within the meaning of the TCPA, made, initiated and/or caused to be initiated at least one telephone call to Plaintiff and each member of the Class, without obtaining the called parties' prior express consent, that delivered a text message identical or substantially similar to the text messages described above that Defendant left for Plaintiff.

22. <u>Common Questions of Fact and Law</u>:  There is a well-defined community of

common questions of fact and law affecting the Plaintiff and members of the Class.

23. The questions of fact and law common to Plaintiff and the Class predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of using an automatic telephone dialing system within the meaning of the TCPA, to make, initiate or cause to be initiated at least one telephone call to Plaintiff and each member of the Class, without obtaining the called parties' prior express consent, that delivered a text message identical or substantially similar to the messages described above that Defendant left for Plaintiff, violated the TCPA?

(b) Whether Plaintiff and the members of the Class are entitled to statutory damages from Defendant under the TCPA?

(c) Whether Defendant's violations of the TCPA were willful or knowing?

(d) Whether Plaintiff and the members of the Class are entitled to up to triple statutory damages under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

(e) Whether Plaintiff and the members of the Class are entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its unlawful conduct?

24. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel who is competent and experienced in litigation in the federal courts, class action litigation and TCPA litigation.

6

25.     Superiority:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

26.     Injunctive Relief:  Defendant has acted on grounds generally applicable to Plaintiff and members of the Class, thereby making appropriate final injunctive relief with respect to Plaintiff and the members of the Class.

## AS AND FOR A FIRST CAUSE OF ACTION

27.     Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

28.     By Defendant's above-described conduct, Defendant committed thousands of violations of the TCPA against Plaintiff and the members of the Class.

29. Accordingly, Plaintiff and the members of the Class are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendant ordering it to cease its violations of the TCPA.

30. If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A. An order certifying the Class and appointing Plaintiff as the representative of the Class and appointing the law firm representing Plaintiff as counsel for the Class;

B. An award to Plaintiff and the members of the Class of more than $5,000,000 against Defendant for their violations of the TCPA;

C. If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000;

D. An injunction against Defendant, on behalf of Plaintiff and the members of the Class, prohibiting Defendant from violating the TCPA; and

E. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: White Plains, New York
April 7, 2017

                                        Respectfully submitted,

                                        s/Aytan Y. Bellin
                                        Aytan Y. Bellin
                                        **BELLIN & ASSOCIATES LLC**
                                        85 Miles Avenue
                                        White Plains, NY  10606
                                        Phone: 914-358-5345
                                        Fax: 212-571-0284
                                        Aytan.Bellin@bellinlaw.com

                                        *Attorneys for the Plaintiff and the proposed Class*

# EXHIBIT A






**79195** — 11:41

> Whether **SHORE** FUNDING has funded you recently or in the past, you're always eligible. Rates are at an all time low! Text back for info. Funds by weekend!
>
> Feb 1

> Need more capital? Whether **SHORE** FUNDING has funded you recently or in the past, you're eligible. Rates are all time low! Funds in your account by weekend.
>
> 8:28 AM

Type message













(TAX TIME!) Craig Cunn Get the money you need to pay your 2015 tax bill! Don't let those big payments to the IRS set you back.  **Shore** Funding can help. Call us!

Apr 5, 2016

Type message




