**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
CRAIG CUNNINGHAM, Individually and on
behalf of all others similarly situated,

                    Plaintiff,

      -against-

SHORE FUNDING SOLUTIONS INC,

                   Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-2080 (ADS)(AKT)

**APPEARANCES:**

**BELLIN & ASSOCIATES, LLC**
*Attorneys for the Plaintiff*
85 Miles Avenue
White Plains, NY 10606
     By:    Aytan Y. Bellin, Esq., Of Counsel

**LAW OFFICES OF CLIFFORD B. OLSHAKER**
*Attorneys for Defendant*
40-75 75th Street, Third Floor
Elmhurst, NY 11373
     By:    Clifford B. Olshaker, Esq., Of Counsel

**SPATT, District Judge**:

Craig Cunningham ("Cunningham" or the "Plaintiff") commenced this putative class action against the Defendant, Shore Funding Solutions Inc. ("SFS" or the "Defendant") alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §§ 227, *et seq*. This action is based on the Defendant's alleged use of an automatic telephone dialing system to deliver text messages to the Plaintiff's phone, without the prior express consent of the Plaintiff. Presently before the Court is a motion by the Plaintiff for class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule" or "FED R. CIV. P.") requesting that the Court

1

allow the instant motion to remain pending until after the conclusion of discovery, or alternatively, to certify the class. For the following reasons, the motion is denied without prejudice to renewal following discovery.

## I. BRIEF BACKGROUND

On April 7, 2017, the Plaintiff commenced this action against the Defendant by filing a putative class action complaint. That same day, the Plaintiff filed the present motion, seeking a stay of the decision on the motion for class certification, or alternatively, for a ruling certifying the class.

On June 30, 2017, the Defendant answered the complaint.

The parties held their initial conference before Magistrate Judge A. Kathleen Tomlinson on August 2, 2017 and the discovery status conference was scheduled for December 11, 2017.

The Defendant has indicated that it will seek summary judgment, arguing that the Plaintiff lacks Article III standing. Pursuant to this Court's individual rules, a pre-motion conference is currently scheduled for November 9, 2017.

## II. DISCUSSION

"In determining whether class certification is appropriate, a district court must first ascertain whether the claims meet the preconditions of Rule 23(a)." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 201 (2d Cir. 2008). Rule 23(a) requires the Plaintiff to establish the following four conditions: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the classes; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a). After establishing Rule 23(a)'s four preconditions, the claims must also satisfy one of

the scenarios in Rule 23(b)(1)-(3). FED. R. CIV. P. 23(b). "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (internal citations omitted).

Granting a motion for class certification "is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (internal citations and quotations omitted). Although such a decision is to be made as early as practicable, FED. R. CIV. P. 23(c)(1)(A), "this does not mandate precipitous action." *Chateau de Ville Prods., Inc. v. Trans-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978).

In the instant case, the Court is unable to conduct the "rigorous analysis" required by *Wal-Mart Stores, Inc.*, as this motion was filed contemporaneously with the class action complaint and prior to any discovery or the filing of an answer. Even at the present juncture, there has been little discovery that has taken place.

As the Plaintiff has already conceded by his requested relief, more discovery is needed on factual issues associated to class certification. Neither party's interests are properly served by determining class certification prior to the completion of the discovery process. *See Physicians Healthsource, Inc. v. Purdue Pharma L.P.*, No. 3:12-cv-1208, 2013 WL 4782378, at *1 (D. Conn. Sept. 6, 2013) ("Here, such 'rigorous analysis' is impracticable, at least on the current record, because the plaintiff filed its motion for class certification prior to discovery."). "That being said, there is nothing to be gained by formally staying [the Plaintiff]'s current, underdeveloped motion while the court awaits the filing of a later, fully-developed motion." *3081 Main Street, LLC v. Business Owners Liability Team LLC*, No. 3:11-cv-1320, 2012 WL 4755048, at *2 (D. Conn. Sept.

24, 2012). The Court finds that at this early stage of the litigation, there is insufficient evidence to establish the requisite Rule 23(a) elements by a preponderance of the evidence.

The Plaintiff, in essence, admits that the purpose of this motion is merely "for a prophylactic purpose" as he wishes to prevent the Defendant from potentially rendering the class action moot by making an offer of settlement, either using a Rule 68 offer of judgment or "through tendering the money to the Court." Plaintiff's Memorandum of Law in Support of its Motion for Class Certification and for a Temporary Stay of Further Proceedings on that Motion ("Plaintiff's Memorandum") at 1. *See Campbell-Ewald Co. v. Gomez*, – U.S. –, 136 S. Ct. 663, 672, 193 L. Ed. 2d 571 (2016). The Plaintiff asks the Court to "allow this motion to remain pending in order to avoid needless litigation over any such pick-off attempt [of the Plaintiff] and defer any further activity on this motion until after the discovery cutoff date." Plaintiff's Memorandum at 1.

In 2016, the Supreme Court determined that an "unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." *Campbell-Ewald Co.*, 136 S. Ct. at 665. The Second Circuit jurisprudence that followed also concluded that "an unaccepted Rule 68 offer alone does not render a plaintiff's individual claims moot before the entry of judgment against the defendants. … [I]t remains the established law of this Circuit that a rejected settlement offer under Rule 68, by itself, cannot render moot a case. If the parties agree that a judgment should be entered against the defendant, then the district court should enter such a judgment." *Tanasi v. New Alliance Bank*, 786 F.3d 195, 197, 200 (2d Cir. 2015) (internal citations omitted), *cert denied*, – U.S. –, 136 S. Ct. 979, 194 L. Ed. 2d 3 (2016). Therefore, a Rule 68 offer would only moot a class action lawsuit if a Rule 68 offer was made and accepted by the Plaintiff. As of this date, there has been no Rule 68 offer made in this case based on the record before this Court nor is there any reason to believe that the Plaintiff has any intention of accepting any hypothetical Rule 68 offer.

4

Further, "[o]ther courts – within and without the Second Circuit – are in agreement that a defendant is no longer able to moot a putative class action by tendering payment to a named plaintiff and asking the court to enter judgment against it over the plaintiff's objection." *Brady v. Basic Research, L.L.C.*, No. 13-cv-7169, 2016 WL 1735856, at *2 (E.D.N.Y. May 2, 2016) (collecting cases); *see also Bell v. Survey Sampling Int'l, LLC*, No. 3:15-cv-1666, 2017 WL 1013294, at *5 (D. Conn. Mar. 15, 2017) ("I join the many other courts, including courts in this Circuit, in concluding that full tender does not moot a putative class action prior to a decision on class certification.") (collecting cases). Allowing such an untimely motion to remain on the Court's docket in an effort to avoid a hypothetical Rule 68 offer does not serve the interests of this Court. At this early stage in the litigation, the Plaintiff's "prophylactic purpose" is unpersuasive to this Court. *See, e.g.*, *Jennings v. Cont'l Serv. Grp., Inc.*, 314 F.R.D. 82, 84 (W.D.N.Y. 2016) (holding that it would be premature to decide on a class certification motion or stay such a motion pending discovery before a Rule 68 offer was made and when it was "reasonable to conclude that the Plaintiff in this case would have no intention of accepting such an offer").

Finally, even if the Court were to accept the Plaintiff's argument that a putative class action complaint can potentially be rendered moot if the Defendant were to make an individual settlement offer, it still does not require the Plaintiff to have an early, pre-discovery class certification motion remain pending on the Court's docket until the Plaintiff has adequate discovery to file a more fully –developed motion. Any determination regarding certification, whether it be certifying a class or refusing to certify one is an "inherently tentative" order, one which the court "remains free to modify … [in] light of subsequent developments in the litigation." *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982); *accord* FED. R. CIV.

P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

As a result, the class allegations are equally preserved at this point in the litigation, regardless whether the Court denies the motion without prejudice or allows this motion to remain on the docket until discovery is concluded. Therefore, the Plaintiff's motion for class certification is denied without prejudice to renewal following the conclusion of discovery.

It is **SO ORDERED**:

Dated: Central Islip, New York

October 28, 2017

<u>  /s/ Arthur D. Spatt  </u>

ARTHUR D. SPATT

United States District Judge