# BELLIN & ASSOCIATES LLC
### ATTORNEYS-AT-LAW
### 50 MAIN STREET, SUITE 1000
### WHITE PLAINS, NEW YORK 10606
### TEL (914) 358-5345
### FAX (212) 571-0284

AYTAN Y. BELLIN\*
ANNE E. HARNES†

\*Also Admitted in NJ
†Also Admitted in CT

January 11, 2018

BY ECF
A. Kathleen Tomlinson, U.S.M.J.
United States District Court, E.D.N.Y.
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722-9014

  Re:  *Craig Cunningham v. Shore Funding Solutions Inc.*,
  Case No. 17-CV-2080 (ADS)(AKT)

Your Honor:

  I represent Plaintiff Craig Cunningham and the putative class ("Plaintiff") in the above-entitled matter. Plaintiff is submitting this Second Letter Motion to Compel Discovery Responses from Defendant Shore Funding ("Shore Funding") and for sanctions because Shore Funding has once again ignored this Court's orders by failing to provide Plaintiff with discovery responses.

  Plaintiff filed its original Complaint in this action on April 7, 2017, alleging that Shore Funding, using an automatic telephone dialing system, caused to be made at least four calls to Plaintiff that delivered text messages to Plaintiff's cell phone without Plaintiff's prior express consent. (Dkt. No. 1). These calls violated the TCPA, which prohibits the making of any calls to a cellular telephone using an automatic telephone dialing system without the prior express consent of the person to whom the call is made.

  On August 2, 2017, an Initial Case Management and Scheduling Order ("Case Management Order") was entered in this action (Dkt. No. 13). On September 5, 2017, pursuant to the Case Management Order, Plaintiff served on Shore Funding Plaintiff's First Set of Interrogatories, First Set of Requests for Production of Documents and First Set of Requests for Admission ("Plaintiff's First Set of Discovery"). Doc. No. 22 at 1-2 ¶ 2 & Exs. A, B & C. Despite Shore Funding's repeated promises to respond to Plaintiff's those Discovery requests and Plaintiff agreeing to give Shore Finding more time to do so, Shore Funding did not respond to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents.

Hon. A. Kathleen Tomlinson, U.S.M.J.
January 11, 2018
Page 2 of 4

While Shore Funding filed a response to Plaintiff's Requests for Admissions on November 13, 2017, that was more than two months after Plaintiff served Shore Funding with those requests and the response contained numerous meritless objections. Declaration of Aytan Y. Bellin in Support of Plaintiff's Second Motion to Compel Discovery and for Sanctions ("Second Bellin Decl.") at 1 ¶ 2 & Ex. A.

Because of Shore Funding's discovery failures, Plaintiff had no choice but to file a Motion to Compel on November 15, 2017. Doc Nos. 21-22. On November 26, 2017, the day before the scheduled hearing on Plaintiff's Motion to Compel, Shore Funding served responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents that were riddled with meritless objections. Second Bellin Decl. at 1 ¶ 3 & Exs. B, C.

At the November 27, 2017 hearing on Plaintiff's the Motion to Compel, this Court warned Shore Funding's counsel, Clifford Olshaker, that he and Shore Funding had repeatedly violated the Court's orders in this case and that they would face sanctions if they did so again. Second Bellin Decl. at 1-2, ¶ 4. In a Minute Order this Court issued that same day, this Court specifically ruled that "[b]ased on the lateness of the responses, the defendant's failure to request an extension prior to the expiration of the deadline set by the Court, and defendant's failure to establish 'good cause' for the delay, all objections to the plaintiff's discovery demands are deemed waived by the Court, with the exception of any objections based on privilege." Doc. No. 24.

On December 21, 2017, during a meet and confer, Mr. Olshaker promised that his client would provide objection-free (other than privilege) responses to Plaintiff's First Set of Interrogatories, First Set of Requests for Production of Documents and First Set of Requests for Admission. Second Bellin Decl. at 2, ¶ 5. That promise was confirmed in an e-mail exchange between Mr. Olshaker and me that same day. See Second Bellin Decl. at 2, ¶ 5 & Ex. D (January 2, 2018 e-mails between Plaintiff's counsel and Mr. Olshaker).

On January 1, 2018, Shore Funding filed a motion requesting that the Court stay the proceedings in this case until the D.C. Circuit issues a decision in *Aca Int'l v. FCC*, Docket No. 15 cv 1211. Doc. No. 26. Plaintiff's response to Shore Funding's Motion to Stay is not yet due and the Court has not issued any order staying this case.

On that same day, I called and left a message for Mr. Olshaker regarding that motion and the outstanding discovery responses, but Mr. Olshaker never responded. See Second Bellin Decl. at 2, ¶ 6. I called and left a message for Mr. Olshaker again on January 2, 2018, but Mr. Olshaker never responded. See Second Bellin Decl. at 2, ¶ 7. In addition, I sent Mr. Olshaker a text message on January 2, 2018, but got no response. See Second Bellin Decl. at 2, ¶ 8.

In a January 2, 2018 e-mail to Mr. Olshaker, I acknowledged Shore Funding's motion, but also reminded him that Shore Funding's amended discovery responses were due that day. See Second Bellin Decl. at 2, ¶ 9 & Ex. E. Mr. Olshaker Funding never responded to that e-mail. See Second Bellin Decl. at 2, ¶ 9. I also left Mr. Olshkaer a voice mail message and sent Mr. Olskaher two text messages on January 9, 2018. See Second Bellin Decl. at 2, ¶ 10. On January

Hon. A. Kathleen Tomlinson, U.S.M.J.
January 11, 2018
Page 3 of 4

10, 2018, I sent Mr. Olshaker another text message and another e-mail.  See Second Bellin Decl. at 3, ¶ 11 & Ex. F.  Mr. Olshaker did not respond to any of these messages.

Notwithstanding this Court's clear order, and Plaintiff's repeated reminders to Shore Funding, Shore Funding has still failed to provide objection-free (other than privilege) responses to Plaintiff's First Set of Interrogatories, First Set of Requests for Production of Documents and First Set of Requests for Admission.  See Second Bellin Decl. at 3, ¶ 12.

<u>Argument</u>

As is apparent from the above, Shore Funding and Mr. Olshaker have now, at least three times, ignored this Court's orders and their discovery obligations.  These intentional violations of their responsibilities have required Plaintiff's counsel to now file a second motion to compel.  Plaintiff respectfully submits that it is time for this Court to make clear that its orders must be obeyed and that there is a penalty for failing to do so.  Accordingly, Plaintiff respectfully requests that this Court issue an order (1) compelling Shore Funding to respond to Plaintiff's First Set of Interrogatories, First Set of Requests for Production of Documents and First Set of Requests for Admission without objections, other than privilege; (2) requiring Shore Funding and Mr. Olshaker to pay attorney's fees, expenses and costs to Plaintiff for the first and second motions to compel and all of the proceedings and communications necessitated by Shore Funding's ignoring this Court's discovery Orders; (3) deeming admitted all of the Plaintiff's First Set of Requests for Admission; and (4) further requiring Shore Funding and its counsel to pay additional sanctions to this Court.

The fact that Shore Funding filed a motion to stay proceedings on January 1, 2018 is irrelevant to this motion because, as the Second Circuit and other courts have long held, absent a court order, a party must timely fulfill its discovery obligations, notwithstanding the pendency of a motion to prevent that very discovery from going forward.  *See, e.g., F.A.A. v. Landy*, 705 F.2d 624, 634-35 (2d Cir. 1983) (pendency of motion to vacate deposition notice not a sufficient basis, absent a court order, to refuse to attend deposition); *Gavenda v. Orrelans* County, 174 F.R.D. 265, 270 n.6 (W.D.N.Y. 1996) (same); *National Corporate Tax Credit Funds III v. Potashnik*, No. 07 cv 3528, 2008 WL 11339608, *1 (C.D. Cal. Jun. 16, 2008) (holding "[t]hat defendants have sought a stay is insufficient to avoid their discovery obligations" and citing cases); *Tisnley v. Kemp*, 750 F. Supp. 101, 1013 (W.D. Mo. 1990) ("[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay—even before the court has ruled. Such a phenomenon would reduce a court's orders to useless and senseless formalities.").

In sum, Plaintiff respectfully requests that this Court issue the order described above.

             Respectfully submitted,

             /s/ Aytan Y. Bellin

Hon. A. Kathleen Tomlinson, U.S.M.J.
January 11, 2018
Page 4 of 4

## CERTIFICATE OF SERVICE

      I hereby certify that on January 11, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

      s/Aytan Y. Bellin

      Aytan Y. Bellin
      BELLIN & ASSOCIATES LLC
      50 Main Street, Suite 1000
      White Plains, NY  10606
      Phone: 914-358-5345
      Fax: 212-571-0284