# LAW OFFICE OF CLIFFORD OLSHAKER, P.C.

40-47 75TH STREET, 2ND FL
ELMHURST, NEW YORK 11373

PHONE: (718) 429-2505
FASCIMILE: (718) 429-2096
CLIFFORDOLSHAKER@YAHOO.COM

January 25, 2018

**BY ECF**

Magistrate A. Kathleen Tomlinson, U.S.M.J.
United States District Court, EDNY
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014

Re: Craig Cunningham v. Shore Funding Solutions (17-cv-2080)

Your Honor:

As the Court is aware I represent the defendant Shore Funding Solutions Inc. ("Shore Funding") in the above-referenced matter. I respectfully oppose Plaintiff Craig Cunningham's ("Cunningham") January 11, 2018 Motion to Compel Discovery Responses and for Sanctions (ECF #27) and cross-move for a stay of discovery pending Shore Funding's pending Motion to Stay Proceedings (ECF #26) that was filed on January 1, 2018. Earlier today, and pursuant to FRCP 26(c)(1), I spoke to Aytan Bellin, attorney for Cunningham, in an attempt to resolve this matter without the court action. We were unsuccessful.

Plaintiff filed his Memorandum in Opposition (ECF #29) to Defendant's Motion to Stay Proceedings on January 15, 2018. Accordingly, Shore Funding's Reply Memorandum must be filed no later than this upcoming Monday, January 29, 2018 at which point the matter will be fully briefed and before Judge Spatt for decision.

**LEGAL STANDARD**

"Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court may grant a protective order, such as a stay of discovery, for 'good cause.' See Fed. R. Civ. P. 26(c)(1) . . . In deciding whether good cause has been shown, courts consider the breadth of discovery and the burden entailed in responding to it, as well as the prejudice to the adverse party in the event the stay is granted. A court may also consider whether the defendant seeking a stay has made a 'strong' or substantial' showing that [plaintiff's] claim lacks merit." City of New York v. YRC Worldwide, 14-CV-4322 (E.D.N.Y. 2005).

It is submitted that permitting discovery to proceed before Defendant's motion is decided would unfairly burden the Defendant who has already been forced to spend significant amounts of

money to defend Cunningham's claims.  Plaintiff will suffer no harm if discovery is stayed as the Court's decision and order regarding Shore Funding's Motion to Stay Proceedings will likely be decided in short.  It should be noted by the court that Cunningham is a plaintiff in 144 federal cases that allege violations of Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq.  *See* ECF #26 Request for Judicial Notice, EXHIBIT D.  Respectfully, Cunningham and his attorneys should have plenty to keep them busy in the event this Court stays discovery.

## A.  Shore Funding has Raised Substantial Grounds for a Stay of the Proceedings

### 1.  *Plaintiff's Case Rests Entirely on a Definition of an Automatic Telephone Dialing System ("ATDS") that is not found in the TCPA*

In the instant action Plaintiff asserts that Defendant violated the TCPA by using an ATDS to contact the Plaintiff.  "Upon information and belief, an automatic telephone dialing system within the meaning of the TCPA was used to make the [texts] to Plaintiff's cell phone because the texts were generic, impersonal and aimed at a mass audience." *See* ¶ 11 of ECF #1 (Complaint). Plaintiff's case against the Defendant is accordingly premised upon whether Defendant used an ATDS to contact the Plaintiff via text messages.  In order to maintain a cause of action under the TCPA the Plaintiff must rely on the definition of an ATDS contained in the Federal Communication Commission's 2015 Declaratory Order and Ruling[1] expanding the statutory definition of an ATDS to include any telephone system *that potentially can be modified* to generate random or sequential telephone numbers in the future.[2]  In Shore Funding's Motion to Stay Proceedings it is made clear that Shore Funding's system through which it sends out its marketing texts does not have the present capacity to dial random or sequential phone numbers.  (*See* ECF # 26 Monteforte Affidavit at ¶ 8.)  Accordingly, Cunningham's case turns on whether the FCC's expansive definition of an ATDS is applied or whether the statutory definition contained in the TCPA is deemed to be correct law.

### 2.  *A Consolidated Appeal challenging the 2015 FCC Order is Before the D.C. Circuit*

In response to the FCC's ruling nine different petitioners and numerous intervenors sought review of the 2015 FCC Order with the D.C. Circuit requesting the court to vacate such order.  All of the petitions were consolidated in ACA Int'l v. Fed. Commc'ns Comm'n, No. 15-1211 (D.C. Cir. 2015) ("ACA").  It likely that a decision in ACA will likely be issued in the very near future and that the proceeding would not be stayed for very long.  Briefing for ACA was completed in 2016 and oral arguments were held before the D.C. Circuit on October 19, 2016.  A decision is expected at any time.

---

[1] *See* In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order, 30 FCC Rcd. 7961, ¶ 73 (2015) (the "2015 FCC Order").
[2] By expanding the definition of an ATDS to include a telephone system that can be modified to store or produce numbers is a significant departure of the definition of an ATDS found in the TCPA.  *See* 47 U.S.C. § 227(a)(1) defining an ATDS as "equipment which has the capacity: to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

If the D.C. Circuit vacates the 2015 FCC Order that holds that an ATDS is a system with the present (as opposed to future) capacity to dial random or sequential numbers, the Defendant's liability will be eliminated entirely as the texting system used by the Defendant does not have the present ability to dial random or sequential numbers. Accordingly, any "merit" that Cunningham's case may have will evaporate if the D.C. Circuit vacates the 2015 FCC Order.

### B. Shore Funding will be Unduly Burdened if Discovery is Permitted to Continue Before its Motion to Stay Proceedings is Decided

Allowing discovery to proceed prior to a decision on Defendant's Motion to Stay Proceedings would further increase the time and money spent by Shore Funding to defend this case. Plaintiff has requested the phone numbers, names, addresses and all information in its possession for all of the text messages sent out and marketing calls placed from 2012 to 2016. This is a massive amount of information to compile for a relatively small local company (less than 60 employees) that is defended by a solo practitioner. "The cost of discovery, coupled with the diversion of employees' time and attention . . . would be an unnecessary expense in the event that the motion . . . is ultimately granted. The interests of fairness, economy and efficiency therefore favor the issuance of a stay of discovery at this time." United States v. Cnty of Nassau, 188 F.R.D. 187, 189 (E.D.N.Y.)(staying discovery pending defendant's motion to dismiss).

### C. Cunningham Would Suffer no Prejudice if Discovery is Stayed

As stated, by Monday January 29, 2018 Defendant's Motion to Stay Proceedings will be fully briefed and a decision from Judge Spatt will likely follow in short order. Furthermore, should Defendant prevail on its Motion to Stay Proceedings such stay would also not be very long in duration. A judge who recently granted a stay of proceedings in an almost identical TCPA case stated "this Court concludes that a decision [in ACA] is imminent and that a stay of these proceedings is likely to be brief." Bilal Saleh v. Me Bath Spa Experience LLC, 17-CV-62322 (S.D. Florida, January 12, 2018). Plaintiff would suffer no additional "harm" as a result of a stay as his contact information has been scrubbed from Shore Funding's database. (See ECF #26 Monteforte affidavit at ¶ 11). Shore Funding has also taken necessary steps to preserve documents. There is no danger that any evidence would be lost or destroyed while the motion to dismiss is determined.

For the foregoing reasons Shore Funding requests a protective order staying discovery pending its Motion to Stay Proceedings.

Respectfully,

Clifford Olshaker

Copy to:
Ayton Bellin
50 Main Street, Suite 1000
White Plains, NY 10606