**FILED**
**CLERK**

10:08 am, Feb 27, 2018

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
CRAIG CUNNINGHAM on behalf of himself
And  others similarly situated,

                    Plaintiff,

        -against-

SHORE FUNDING SOLUTIONS INC.,

                Defendant.
----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
2:17-cv-2080 (ADS)(AKT)

**APPEARANCES:**

**BELLIN & ASSOCIATES, LLC**
*Attorneys for the Plaintiff*
85 Miles Avenue
White Plains, NY 10606
      By:    Aytan Y. Bellin, Esq., Of Counsel

**LAW OFFICES OF CLIFFORD B. OLSHAKER**
*Attorneys for Defendant*
40-75 75th Street, Third Floor
Elmhurst, NY 11373
      By:    Clifford B. Olshaker, Esq., Of Counsel

**SPATT, District Judge**:

Craig Cunningham ("Cunningham" or the "Plaintiff") commenced this putative class action against the Defendant, Shore Funding Solutions Inc. ("SFS" or the "Defendant") alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §§ 227, *et seq.* This action is based on the Defendant's alleged use of an automatic telephone dialing system to deliver text messages to the Plaintiff's phone, without the prior express consent of the Plaintiff. Presently before the Court is a motion by the Defendant requesting that the Court stay the case until the United States Court of Appeals for the District of Columbia (the "DC Circuit") issues a

1

decision in *ACA Int'l v. Fed. Commc'ns Comm'n*, No. 15-1211 ("ACA"), a case currently pending

before it. Oral argument in ACA was heard on October 19, 2016.

The issues before the DC Circuit in ACA are unquestionably relevant to the legal issues

present in the case at bar. As the Defendant alleges in its motion papers, the definition of an

"automatic telephone dialing system" under the TCPA is quite relevant to the instant case.

"[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153

(1936). There are five factors that the court should consider when deciding whether to exercise its

discretion to enter a stay:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil
> ligation as balanced against the prejudice to the plaintiffs if delayed; (2) the private
> interests of and burden on the defendants; (3) the interests of the courts; (4) the
> interests of persons not parties to the civil litigation; and (5) the public interest.

*Fairbank Reconstruction Corp. v. Greater Omaha Packaging Co.*, No. 13-cv-907, 2014 WL

693001, at *1 (W.D.N.Y. 2014).

Assessing the various interests, the Court finds that a stay in this case is warranted pending

the DC Circuit's decision in ACA. As previously mentioned, ACA was argued in October 2016.

Although it is not immediately clear how long before the DC Circuit issues its decision, it will

likely be within the next few months. Such a short-term stay is unlikely to adversely impact the

parties in this case.

Moreover, the Court and the parties share an interest in conserving resources while a case

is pending that may clarify issues raised in the instant case. This will minimize the risk of *de*

*minimis* motion practice. There are no issues that affect the public interest or non-parties to this

case, that this Court is aware of, that warrant cause for restraint.

This Court joins other district courts all across the nation in concluding that the various factors weigh in favor of granting a stay until the DC Circuit decides ACA. *See Reynolds v. Time Warner Cable, Inc.*, No. 16-cv-6165, 2017 WL 362025, at *3 (W.D.N.Y. Jan. 25, 2017) (collecting cases). *See, e.g.*, *Mejia v. Time Warner Cable Inc.*, No. 15-CV-6445, 2017 WL 5513638, at *5 (S.D.N.Y. Nov. 17, 2017); *DiMarco v. Nationstar Mortg., LLC*, No. 16-CV-6588, 2017 WL 1855197, at *1 (W.D.N.Y. May 5, 2017).

## CONCLUSION

For the foregoing reasons, the Defendant's motion to stay is granted.

Within seven (7) days of the issuance of the DC Circuit decision in ACA, the parties shall file a joint letter informing the Court.

It is **SO ORDERED**:

Dated: Central Islip, New York

February 27, 2018

_/s/ Arthur D. Spatt_

ARTHUR D. SPATT

United States District Judge