| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | <u>3-19-2019</u><br><u>10:30 a.m. (53 minutes)</u> |

*Cunningham v. Shore Funding Solutions, Inc.*
**CV 17-2080 (ADS) (AKT)**

TYPE OF CONFERENCE:     **DISCOVERY HEARING**

APPEARANCES:    Plaintiff:    Aytan Yehoshua Bellin

Defendant:    Clifford B. Olshaker

FTR: 10:58-11:51

SCHEDULING:

This case is set down for a telephone status conference on April 23, 2019 at 10:30 a.m. Plaintiff's counsel is directed to initiate the call to Chambers with Defendant's counsel on the line.

THE FOLLOWING RULINGS WERE MADE:

Today's conference was scheduled to address outstanding discovery motions. The following information is a summary of the Court's rulings today on DE 56-60. Counsel are advised that if they need an amplified record of today's proceedings, they may contact Courtroom Deputy Mary Ryan to arrange to order a transcript.

Defendants' counsel and his client are required to produce by **April 12, 2019** the documents ordered by the Court today.

1.    **Plaintiff's Fourth Letter Motion to Compel [DE 56] is GRANTED, in part, and DENIED, in part, as follows:**

   A.    The scope of discovery will continue to be limited to New York State unless and until a motion for class certification is filed and granted by Judge Spatt.

   B.    All discovery deadlines are being held in abeyance until the issues discussed during today's hearing are resolved. The Court will set a new discovery schedule at the April 23, 2019 telephone conference.

   C.    The Court reviewed Plaintiff's requests for production ("RFP") and ruled individually as to each RFP. The Court's rulings on the RFPs follow below.

- **RFP 1**: Defendant is required to respond to this request as modified—limited to documents showing the wireless telephone numbers to which Defendant sent marketing text messages, which contain the same or substantially similar messages as those received by Plaintiff.

- **RFP 2**: Defendant required to respond as modified—limited to documents that identify pertinent persons or entities by name.

- **RFP 3**: Defendant required to respond as modified—limited to copies of marketing text messages, which contain the same or substantially similar messages as those received by Plaintiff.

- **RFP 5**: Defendant is not required to respond further.

- **RFP 9**: Defendant is not required to respond further.

- **RFP 11**: Defendant is not required to respond further.

- **RFP 12**: Defendant required to respond as modified—limited to documents which show who designed the content of the subject marketing text messages.

- **RFP 13**: Defendant is not required to respond further.

- **RFP 16**: Defendant is required to respond and produce the required insurance policies.

- **RFP 18**: Defendant is directed to amend Rule 26(a) disclosures to reflect the individuals involved in sending the text messages at issue.

- **RFP 19**: Defendant is not required to respond further.

- **RFP 20**: Defendant required to respond as modified—limited to emails involving Defendant or Defendant's personnel.

- **RFP 21**: Defendant required to respond as modified—limited to documents that show Defendant obtained express permission from potential [New York] class members to send marketing texts.

- **RFP 22**: Defendant required to respond as modified—limited to documents showing a response from a potential class member indicating his or her revocation of consent to receive marketing text messages.

- **RFP 23**: Defendant is not required to respond further.

- **RFP 24**: Defendant is not required to respond further.

- **RFP 26**: Plaintiff is withdrawing this request.

- **RFP 29**:   Plaintiff is withdrawing this request.

- **RFP 31**:   Defendant required to respond as modified—limited to documents that show Defendant having purchased or otherwise obtained a list of the names and numbers of people to whom Defendant sent marketing text messages in the State of New York.

- **RFP 34**:   Defendant not required to respond further.

- **RFP 35**:   Plaintiff is withdrawing this request.

- **RFP 36**:   Plaintiff is withdrawing this request.

- **RFP 38**:   Defendant required to respond as modified—limited to documents that show Defendant having purchased or otherwise obtained a list of the names and numbers of people to whom Defendant sent marketing text messages in the state of New York.

- **RFP 40**:   Plaintiff is withdrawing this request.

- **RFP 43**:   Plaintiff is withdrawing this request.

- **RFP 44**:   Defendant required to respond as modified—limited to documents Defendant intends to introduce at trial; any documents not produced will be precluded from admission at trial; to the extent Defendant is withholding documents on the basis of privilege, Defendant must produce a privilege log simultaneous with the instant document production.

- **RFP 45**:   Defendant required to respond as modified—limited to documents that show Defendant having purchased or otherwise obtained a list of the names and numbers of people to whom Defendant sent marketing text messages in the state of New York.

- **RFP 46**:   Defendant required to respond as modified—documents that reflect the number of text messages sent within New York which contain the same or substantially similar messages as those received by Plaintiff.

2. **Plaintiff's Fifth Letter Motion to Compel [DE 60] is GRANTED in part and DENIED in part, as follows:**

   A.   The Court declined to impose sanctions on Defendant at this time. However, the Court warned Defendant's counsel that if Defendant fails to timely produce (21 days) documents in response to the RFPS at issue in both DE 56 and DE 60, as directed today, the Court will begin to impose a daily fine, commencing the 22nd day and will require Defendant's counsel and his client to appear before the Court for a hearing.

B.  The Court noted that although the Court extended the deadline for Defendant to respond to the instant motion, *see* DE 62, no response was filed.

C.  The Court reviewed Plaintiff's requests for production ("RFP") and ruled individually as to each RFP.  The Court's rulings on the RFPs follow below.

- **RFP 17**:  Defendant is directed to amend the Rule 26(a) Initial Disclosures to reflect the individuals involved in sending the text messages at issue.

- **RFP 41**:  Defendant required to respond as modified—limited to documents for the machine, device or software that the Defendant used to send out marketing text messages.

- **RFP 42**:  Defendant is not required to respond further.

- **RFP 47**:  Defendant is not required to respond further.

**SO ORDERED.**

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

4