| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:   A. KATHLEEN TOMLINSON           DATE:   4-23-2019
               U.S. MAGISTRATE JUDGE                   TIME:   10:35 a.m. (30 minutes)

*Cunningham v. Shore Funding Solutions Inc.*
CV 17-2080 (ADS) (AKT)

TYPE OF CONFERENCE:           **TELEPHONE STATUS CONFERENCE**

APPEARANCES:   Plaintiff:   Aytan Y. Bellin

                              Defendant:   Clifford B. Olshaker

FTR: 10:35-10:44

SCHEDULING:

This case is set down for a telephone conference on May 7, 2019 at 5 p.m.   Plaintiff's counsel is requested to initiate the call to Chambers (631-712-5760) with opposing counsel on the line.

THE FOLLOWING RULINGS WERE MADE:

1. The Court set today's conference to follow up on the defendant's compliance with the rulings issued on March 19, 2019.   Plaintiff's counsel stated that some of the information has been produced, but that he is not received, for example, the list of telephone numbers to which the messages were sent for a large number of the messages at issue.

   According to defendant's counsel, certain information has been produced; however, a significant amount of the data must be obtained from E-Z Text, a third-party provider for the defendant.   Defendant's counsel stated that he is followed up with his client, but has not had direct conversations with E-Z Text.

   **The Court is requiring a letter from E-Z Text by May 3, 2019** setting forth what still has to be produced and how long it is going to take for the production to be completed.   If the Court does not receive the required letter by May 3, 2019, the Court will issue a separate order directing the appearance of E-Z Text in this Court to provide direct answers to the outstanding questions about the production.

2. Defendant also turned over the insurance policy to plaintiff's counsel.

3. Further scheduling is held in abeyance until the above issues are resolved.   The Court will conduct the next conference with counsel by telephone on May 7, 2019.

4. Defendant's counsel stated that he had served a demand on plaintiff's counsel approximately one year ago seeking that personal tax returns of the plaintiff. Attorney Olshaker noted that he had not received those returns. I spent some time briefly discussing with defendant's counsel that personal tax returns of a party are generally not subject to production and that the existing case law in the Second Circuit sets a much higher bar to obtain such documents. At the moment, the Court does not see any circumstance in this case which would meet that higher bar. However, the Court informed defendant's counsel that he is free to brief this issue, so long as he also presents case law which supports his entitlement to such records. The Court pointed out that the vast majority of courts in this Circuit do not grant production of a party's personal income tax returns.

**SO ORDERED.**

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge